UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 389-1 |
| v. | |
| RODRIGO MEDELLIN | Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Defendant Rodrigo Medellin is charged with two counts of Bank Robbery and Incidental Crimes in violation of 18 U.S.C. § 2113(a). During the course of the proceedings, his defense counsel learned that Defendant was severely depressed and spent nine weeks in the suicide cell after an attempted suicide, and as a result, the parties filed a Joint Motion for Competency Examination to determine Defendant's competency (the Motion). R. 57, Mot. Comp. Exam.[1] The Court, after having conducted an in-person colloquy with Defendant, finds that there is no reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the Joint Motion For Competency Examination of Defendant is denied.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

## Background

Defendant is charged with two counts of Bank Robbery and Incidental Crimes in violation of 18 U.S.C. § 2113(a). On July 20, 2021, Defendant was arraigned, pled not guilty to all counts, and ordered held in custody. R. 20.

On or about February 6, 2023, Defendant sent defense counsel a letter in which Defendant indicated that he was severely depressed and spent nine weeks in the suicide cell after his attempted suicide in September 2022 (the Letter). R. 58, 2/6/2023 Letter. The letter precipitated the Motion before the Court.

On April 13, 2023, the Government filed a Joint Motion for Competency Examination, attaching the Letter from the Defendant to defense counsel as Exhibit A. In the Letter sent on February 6, 2023, while in custody, Defendant stated,

> "I appreciate the plea agreement and I can see that the charges are dependent on the attempted, on June 22, 2021. I trust that the other incidents are not attributed to me, by fact. I would appreciate your consideration of the Memorandum enclosed and be aware that the psychology unit at MCC Chicago will more likely than not assist you in the determination that I do indeed suffer from Trauma. I believe it should be a factor in my defense."

2/6/2023 Letter.

The Court held a hearing on the Motion on June 7, 2023. R. 65. Defense counsel explained that he brought Defendant's Letter to the attention of the Court and filed the Motion to protect the rights of his client. The Government agreed with defense counsel that it was necessary to file the Motion. The Court thereafter engaged Defendant in a series of questions to determine the appropriateness of a competency examination in this matter.

2

**Legal Standard**

"The Constitution does not permit trial of an individual who lacks mental competency." *McManus v. Neal*, 779 F.3d 634, 656 (7th Cir. 2015). "A person is competent to stand trial when he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . a rational as well as factual understanding of the proceedings against him." *Id.* (cleaned up).[2] "The due process rule announced in *Dusky* has deep common law origins and implements the fundamental principle that it is unjust to punish a person who lacks the mental capacity to understand the proceedings against him and participate in his own defense." *Id.* The mental-competency standard is identical for pleading guilty and for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398–99 (1993); *see also McManus*, 779 F.3d at 656 (trial); *United States v. Stoller*, 827 F.3d 591, 595–96 (7th Cir. 2016) (guilty plea).

"At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant [, . . . ] the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). Prior to the hearing to determine mental competency, "a district court should make an initial evaluation regarding whether to order a mental competency hearing and examination." *United States v. Andrews*, 469

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

F.3d 1119, 1120 (7th Cir. 2006). Pursuant to 18 U.S.C. § 4241(a), a court may grant a motion to determine the competency of a defendant, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *United States v. Savage*, 505 F.3d 754, 758 (7th Cir. 2007).

In determining a defendant's competency, a court may order "a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b). It is solely within the court's discretion whether to hold a competency hearing or order a competency examination. *Andrews*, 469 F.3d at 1119–20.

A court may consider the defendant's behavior and presentation when determining whether a competency examination is appropriate. *See United States v. Goines*, 988 F.2d 750, 782 (7th Cir. 1993) (denying the defendant's motion for hearing for mental competency because defendant's "comments to the court and his written submissions to the court in the form of several pro se motions seemed very lucid, belying any challenge to his competency"); *see also United States v. Minnis*, 489 F.3d 325, 329 (8th Cir. 2007) (holding that the district court did not error in denying defendant's motion for competency examination because the district court "observed Minnis and determined that he was not so mentally disturbed as to be unable to assist

in his own defense" and "authored the motion for psychiatric evaluation when he felt that his counsel was taking too long to do so").

Furthermore, the fact that a person suffers from a mental illness does not necessarily mean that he or she is incompetent to stand trial. *Price v. Thurmer*, 637 F.3d 831, 833 (7th Cir. 2011). Numerous courts have held that mental disorders such as anxiety and depression alone may not trigger a competency hearing. *See Minnis*, 489 F.3d at 329 ("Further, the afflictions complained of-stress, lack of sleep, and general depression—are not the type of mental disease or defect rendering individuals mentally incompetent."). When a defendant "is being treated successfully with antipsychotic drugs [. . .] the fact that he has a mental illness (of which the drugs treat merely the symptoms) does not render him incompetent to stand trial." *Id* at 834; *see also Savage*, 505 F.3d at 759 ("The mere fact that a criminal defendant has a personality disorder does not prevent the defendant from appreciating the proceedings or assisting in his defense.") (citing *United States v. Teague*, 956 F.2d 1427, 1432 (7th Cir.1992)). It is within this framework that the Court analyzes the Motion.

## Analysis

The Court, in order to ascertain Defendant's ability to understand the nature of the proceedings and his ability to assist defense counsel in his defense, engaged in a colloquy with the Defendant during an in-person hearing on June 7, 2023. Defendant responded coherently and concisely to the Court's questions, thereby

providing the Court ample opportunity and evidence to evaluate the need for a mental competency examination.

The Court began with the Letter. In the Letter from Defendant to his defense counsel, Defendant indicated that he was severely depressed and spent nine weeks in the suicide cell after his attempted suicide in September 2022. 2/6/2023 Letter. At the hearing, Defendant explained that he sent the Letter to his counsel to notify counsel of "where he was at," with regards to his mental health. Defendant testified that he was not asking for a metal health evaluation when he wrote the letter.

Defendant informed the Court that he suffered from manic depressive disorder and had received treatment for it on and off since his diagnosis in 2006 while an inmate at the Shawnee Correctional Center in Vienna, Illinois. Defendant also noted that he was diagnosed with severe depression in 2015 and tried to commit suicide in January 2016. Defendant stated that he was found unconscious after hanging himself with shoelaces from a vent in his cell. He was taken to Northwestern Medicine for treatment and stayed for approximately 11 days. Upon his return to prison, Defendant was placed in a suicide cell for two weeks and then moved to a dormitory with close monitoring. Throughout this time, he took prescribed medication and started speaking with a psychiatrist.

At the hearing, the Court inquired about the Defendant's educational level, and Defendant advised the Court that he graduated from high school and is able to read and write. When asked about his employment history, Defendant explained that

he had done mostly construction work, but had experience as a tattoo artist and barber. When asked about his family, Defendant indicated that he had four children.

Next, the Court inquired into Defendant's mental health issues. Critically, Defendant informed the Court that his mental health has significantly improved due to taking his prescription medication, Wellbutrin, for anxiety twice a day and seeing a psychiatrist once a week to help manage his thoughts. Defendant also informed the Court that he is not aware of any side effects associated with his prescription medication, and that he has not had any suicidal ideations since his attempted suicide in September 2022. Defendant revealed that when he does not take his medication, he finds it difficult to function properly. Defendant stated that when he gets "triggered," he asks to see a psychiatrist, which helps. Defendant testified that, as of June 7, 2023 (the date of the hearing), he feels "like a totally different person."

The Court then asked Defendant if he understood that the Government has charged him with taking by intimidation approximately $6,070 from U.S. Bank in Berwyn, on April 28, 2021. Defendant answered in the affirmative. The Court next asked Defendant if he understood that the Government has also charged him with entering the Central Federal Savings & Loan Association in LaGrange Park on June 22, 2021, with the intent to commit larceny. Again, Defendant responded in the affirmative.

7

Last, the Court inquired as to Defendant's ability to assist his counsel with his defense, to which he stated that he was able to assist his counsel. The Court was satisfied with Defendant's answers.

All in all, the Court finds based on Defendant's testimony, that Defendant demonstrated an understanding of the charges against him and that he is able to assist in his defense. While Defendant may suffer from depression, that alone is not the type of disease or mental defect that renders an individual mentally incompetent. *See Minnis*, 489 F.3d at 329. Defendant "need only be able to follow the proceedings and provide information to his lawyer in order to conduct an adequate defense and to participate in certain critical decisions, such as to whether to appeal." *Price*, 637 F.3d at 833. Defendant has shown he can do so.

Throughout this line of questioning, the Court inquired several times as to whether Defendant understood the charges against him, and Defendant responded affirmatively each time.

## Conclusion

As explained in this Order, and upon review of the testimony and the record evidence, the Court finds Defendant mentally competent, as the Court is satisfied that Defendant both understands the charges against him and the nature and consequences of the proceedings, and is able to assist in his defense. The

Government's Joint Motion For A Mental Competency Examination of the Defendant [57] is hereby denied.

Date: July 5, 2023

Judge Franklin U. Valderrama

9